**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-549C
(Filed November 23, 2015)

**FILED**

**NOV 2 3 2015**

**U.S. COURT OF FEDERAL CLAIMS**

|  |  |
|---|---|
| OLANAPO AD OLAJIDE, ) | |
| ) | *Pro Se*; RCFC 12(b)(1), Subject-Matter |
| Plaintiff, ) | Jurisdiction; RCFC 12(b)(6), Failure to |
| ) | State a Claim; Implied-in-Fact Contract; |
| v. ) | Fifth Amendment Takings. |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

*Olanapo Ad Olajide*, Oakland, CA, Plaintiff *pro se*.

*Vincent D. Phillips*, Trial Attorney, *Franklin E. White, Jr.*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

### I. INTRODUCTION

*Pro se* plaintiff, Olanapo ad Olajide, also known as Ronald Boyede Olajide, brought this action seeking monetary damages and injunctive relief against the United States, for an alleged breach of contract and a takings without just compensation pursuant to the Fifth Amendment of the United States Constitution. The government has moved to dismiss plaintiff's complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also filed motions for a preliminary injunction; for expedited ruling upon his motion for a preliminary injunction; for entry of a default judgment; for a more definite statement; to strike plaintiff's response to defendant's motion to dismiss; and two miscellaneous motions styled as "Motions for the Court to Take Judicial Notice of Adjudicative Facts," and "Corrected Motion for Court to Take Judicial Notice of Adjudicative Facts" ("motions for miscellaneous relief"). *See generally*, Pl. Mot. for

Prelim. Inj.; Pl. Mot. to Expedite Ruling on Prelim. Inj.; Pl. Mot. for Entry of Default Judgment; Pl. Mot. for Court to Take Judicial Notice of Adjudicative Facts; Pl. Corrected Motion for Court to Take Judicial Notice of Adjudicative Facts; Pl. Mot. for a More Definite Statement; Pl. Mot. to Strike Response to Mot to Dismiss. For the reasons set forth below, the Court (1) **GRANTS** defendant's motion to dismiss and (2) **DENIES** as moot plaintiff's motions.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Plaintiff *pro se*, Olanapo ad Olajide, became a United States citizen in 1999. *See* Compl. at 3-4, Ex. C; Def. Mot. at 2. On May 28, 2015, plaintiff filed a complaint seeking injunctive relief and monetary damages from the United States. *See generally* Compl.

In his complaint, plaintiff appears to assert a breach of contract claim and a Fifth Amendment takings claim against the United States. *Id.* Specifically, plaintiff alleges that, on April 20, 1985, he loaned the government "his family and given names (olajide, olanapo, ad, Ronald, boyede), likeness and fingerprints." *Id.* at 3-4. Plaintiff further alleges that the government "did cause the sale of [plaintiff's] aforesaid property in association with their chattel paper for a social value unknown to the [plaintiff]." *Id.*

Plaintiff also contends that he entered into an implied-in-fact contract with the United States by virtue of becoming a United States citizen. *See* Compl. at 4; Pl. Resp. II at 5. In this regard, plaintiff maintains that the Constitution of the United States is a contract between him and the government. Pl. Resp. II at 5. Plaintiff further maintains that under this contract, he is entitled to compensation from the United States for any use of his name. Compl. at 2-4. Plaintiff appears to allege that defendant defaulted on this contract by using plaintiff's name and likeness on his certificate of citizenship and his social security card. *Id.* at 4-5. In this regard, plaintiff argues that the United States defaulted on this contract "on or about April twenty-

---

[1] The facts recounted in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl. at ___"), defendant's motion to dismiss ("Def. Mot. at ___"), plaintiff's response to defendant's motion to dismiss, filed August 19, 2015 ("Pl. Resp. at ___"), plaintiff's second response to defendant's motion to dismiss, filed September 10, 2015 ("Pl. Resp. II at _"), and defendant's reply and supplemental reply in support of its motion to dismiss ("Def. Rep. at _" and "Def. Supplemental Rep. at_"). Unless otherwise noted herein, the facts recited are undisputed.

seventh in the year nineteen ninety and [o]n September twelfth in the year nineteen ninety" by causing "the sale of the [plaintiff's] aforesaid property," and he demands the "full amount of the value, profits, and rents of his property payable under the note and mortgage to be due." *Id.* at 4, 6.

Plaintiff also appears to allege that defendant engaged in a takings in violation of the Fifth Amendment. *See* Compl. at 5. In this regard, he alleges that "intangible property" has been taken by the government for "public use without justly compensating" plaintiff. *Id.* Specifically, plaintiff maintains that the inclusion of his name on certain documents evidences a use of his property without just compensation. *Id.* at 4-5.

Plaintiff requests that the Court enjoin the government from using his name, issue a writ of mandamus to compel the government to compensate him "for the public use of his private [t]hings," and to award plaintiff $999,999,999.00 in monetary damages. *Id.* at 5, 7. Plaintiff also seeks an injunction preventing the government from subjecting him or his properties to equitable liabilities, as well as an assignment to the United States of any debts for which he is currently responsible. *Id.* at 7.

### B. Procedural Background

Plaintiff filed the complaint in this matter on May 28, 2015. *See generally* Compl. On June 4, 2015, plaintiff filed a motion for preliminary injunction against the United States. *See generally* Pl. Mot. for Prelim. Inj.

The government did not timely respond to plaintiff's motion for preliminary injunction. Consequently, on July 1, 2015, plaintiff moved for an expedited ruling on his motion for preliminary injunction. *See generally* Pl. Mot. to Expedite.

The government also did not file a timely response to plaintiff's complaint. On July 29, 2015, the government filed a motion for an enlargement of time, out of time, to file a motion to dismiss, along with an attached motion to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1). *See* Def. Mot. for Enlargement of Time; Def. Mot. On July 29, 2015, the Court granted the government's motion for an enlargement of time and granted the government leave to file its motion to dismiss. *See* Order Granting Mot. for Leave to File Out of Time. In addition, the Court issued a Show Cause Order directing that the government explain why

defendant failed to meet the filing deadlines in this matter. *See* Show Cause Order, July 29, 2015.

On July 30, 2015, plaintiff moved for entry of a default judgment against the United States. Pl. Mot. for Def. Judg.; *see also* RCFC 55(a). On July 31, 2015, the government filed its response to the Show Cause Order and its responses to plaintiff's motion for preliminary injunction and plaintiff's motion for an expedited ruling on his motion for a preliminary injunction. *See generally* Def. Resp. to Show Cause Order.

On August 12, 2015, plaintiff filed, by leave of the Court, his reply to the government's response to his motions for preliminary injunction and for an expedited ruling on the motion for a preliminary injunction. *See generally* Pl. Resp. to Mot. for Prelim. Injunction. On August 13, 2015, plaintiff filed a miscellaneous motion styled as "Motion for Court to take Judicial Notice of Adjudicative Facts." *See generally* Pl. Misc. Mot. for Court to Take Notice of Adjudicative Facts. On August 17, 2015, defendant filed a response to the motion for entry of default judgment. *See generally* Mot. for Entry of Default Judgment.

On August 19, 2015, plaintiff filed a response to defendant's motion to dismiss. *See generally* Pl. Resp. Additionally, on August 24, 2015, plaintiff filed a motion for a more definite statement. *See generally* Pl. Mot. for a More Definite Statement. On August 26, 2015, plaintiff filed a motion to withdraw plaintiff's response to defendant's motion to dismiss, which the Court interpreted to be a motion to strike plaintiff's response to defendant's motion to dismiss. *See generally* Pl. Mot. to Strike. On August 28, 2015, defendant filed its reply in support of its motion to dismiss. *See generally* Def. Rep.

On September 4, 2015, the Court filed a show cause order directing plaintiff to state why, in light of plaintiff's motion to strike his response to the government's motion to dismiss, this action should not be dismissed for failure to prosecute and for failure to comply with a court order pursuant to RCFC 41(b). *See* Show Cause Order, Sept. 4, 2015. On September 10, 2014, plaintiff filed a response to the Court's September 4, 2015 Show Cause Order and a response to defendant's motion to dismiss. *See* Def. Resp. to Show Cause Order; Pl. Resp. II. On September 25, 2015, defendant filed a supplemental reply to plaintiff's response to its motion to dismiss. *See* Def. Supplemental Rep. Defendant's motion to dismiss having been fully briefed, the Court addresses the pending motion.

## III. JURISDICTION AND LEGAL STANDARDS

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*. The Court recognizes that parties proceeding *pro se* are granted greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Nonetheless, "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). And so, while the Court may excuse ambiguities in plaintiff's complaint, the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

In addition, this Court has long recognized that "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). For this reason, a *pro se* plaintiff–like any other plaintiff–must establish the Court's jurisdiction to consider his claim by a preponderance of the evidence. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010).

### B. RCFC 12(b)(1)

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1328 (Fed. Cir. 2006); RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction, and must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to come within the jurisdictional reach and waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). If the Court finds that the source of law alleged is not money-mandating, the Court must dismiss the case for lack of jurisdiction. *Id.* at 1173; RCFC 12(b)(1).

### C. RCFC 12(b)(6)

Under Rule 12(b)(6), a defendant may move for dismissal of the complaint if the plaintiff "fail[s] to state a claim upon which relief can be granted." RCFC 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Pleadings must establish "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). And so, "a *pro se* plaintiff still must establish the requisite elements of his claim." *See Sahagun-Pelayo v. United States*, No. 2014-5126, 2015 WL 1004362, at *2, *4 (Fed. Cir. Mar. 9, 2015) (quoting *Humphrey v. United States*, 52 Fed. Cl. 593, 595 (2002)) (rejecting a *pro se* plaintiff's contract claim under Rule 12(b)(6) where the plaintiff failed to allege the actual authority of individual, specific agents with whom he contracted and where the complaint made legal conclusions not entitled to favorable factual inferences).

6

### D. Express And Implied Contracts

To pursue an action for a contract claim under the Tucker Act, plaintiff must have privity of contract with the United States. *Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1265 (Fed. Cir. 2005) (The "government consents to be sued only by those with whom it has privity of contract.") (citations omitted). In other words, plaintiff "must show that either an express or implied-in-fact contract underlies its claim." *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). The requirements are identical for express and implied-in-fact contracts with the United States. *See Night Vision Corp. v. United States*, 469 F.3d 1369, 1375 (Fed. Cir. 2006); *Huntington Promotional & Supply, LLC v. United States*, 114 Fed. Cl. 760, 767 (2014). (The elements are the same for an express or implied-in-fact contract. . . .").

The elements for a binding contract with the United States are: "a mutual intent to contract including offer, acceptance, and consideration; and authority on the part of the government representative who entered or ratified the agreement to bind the United States in contract." *Total Med. Mgmt., Inc. v. United States*, 104 F.3d 1314, 1319 (Fed. Cir. 1997) (citations omitted). Furthermore, the government "is not bound by its agents acting beyond their authority and contrary to regulation." *Urban Data Sys., Inc. v. United States*, 699 F.2d 1147, 1153 (Fed. Cir. 1983) (citations omitted). And so, plaintiff must also show that the government official had authority to contractually bind the government. *Trauma Serv. Group*, 104 F.3d at 1325.

In addition, to maintain an action for breach of contract under the Tucker Act, a plaintiff must support his claim with well-pleaded allegations going to each element of a contract. *See Crewzers Fire Crew Transp. Inc. v. United States*, 741 F.3d 1380, 1382 (Fed. Cir. 2014) (holding that to invoke the jurisdiction of this Court under the Tucker Act, a plaintiff must present a well-pleaded allegation that its claims arose out of a valid contract with the United States); *see also* RCFC 9(k) ("In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies.").

### E. Fifth Amendment Takings

The United States Court of Federal Claims has exclusive jurisdiction over Fifth Amendment takings claims in excess of $10,000. 28 U.S.C. § 1491(a); *see also Acceptance Ins. Cos. Inc. v. United States*, 503 F.3d 1328, 1336 (Fed. Cir. 2007). The Takings Clause of the

7

Fifth Amendment guarantees just compensation whenever private property is "taken" for public use. U.S. Const. amend. V. The purpose of the Fifth Amendment is to prevent the "[g]overnment from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 123 (1978) (quoting *Armstrong v. United States*, 364 U.S. 40, 49 (1960)); *see also Florida Rock Indus., Inc. v. United States*, 18 F.3d 1560, 1571 (Fed. Cir. 1994). In order to have a cause of action for a Fifth Amendment takings, the plaintiff must point to a protectable property interest that is asserted to be the subject of the takings. *See Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1998) ("Because the Constitution protects rather than creates property interests, the existence of a property interest is determined by reference to 'existing rules or understandings that stem from an independent source such as state law.'") (citation omitted). In addition, courts have traditionally divided their analysis of Fifth Amendment takings into two categories—regulatory takings and physical takings.

In this regard, the United States Court of Appeals for the Federal Circuit has recognized that "[g]overnment action that does not directly appropriate or invade, physically destroy, or oust an owner from property but is overly burdensome may be a regulatory taking." *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1151 (Fed. Cir. 2014). In assessing whether a regulatory takings has occurred, courts generally employ the balancing test set forth in *Penn Central*, weighing the character of the government action, the economic impact of that action and the reasonableness of the property owner's investment-backed expectations. *Penn Central Transp. Co.*, 438 U.S. at 124-25. "The general rule at least is that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." *Penn. Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922); *see also Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005) (holding a regulation is a takings if it is "so onerous that its effect is tantamount to a direct appropriation or ouster").[2]

---

[2] Regulations that are found to be too restrictive, so that the regulations deprive property of its entire economically beneficial or productive use, are viewed as categorical takings. *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015 (1992); *see also A & D Auto Sales*, 748 F.3d at 1151-52. Categorical takings do not require the application of the *Penn Central* balancing test. *Id.* at 1152. The United States Supreme Court has mainly applied the categorical test to regulatory takings of real property. *See Lucas*, 505 U.S. at 1015-19. In *A & D Auto Sales*, the United States Court of Appeals for the Federal Circuit noted that it has at times applied the categorical test to tangible personal property as well. 748 F.3d at

In contrast, physical or *per se* takings occur when the government's action amounts to a physical occupation or invasion of the property, including the functional equivalent of "a practical ouster of [the property owner's] possession." *Transportation Co. v. Chicago*, 99 U.S. 635, 642 (1878); *see also Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 428 (1982). When an owner has suffered a physical invasion of his property, the United States Supreme Court has noted that "no matter how minute the intrusion, and no matter how weighty the public purpose behind it, we have required compensation." *Lucas*, 505 U.S. at 1015. The distinction between a physical invasion and a governmental activity that merely impairs the use of that property turns on whether the intrusion is "so immediate and direct as to subtract from the owner's full enjoyment of the property and to limit his exploitation of it." *United States v. Causby*, 328 U.S. 256, 265 (1946).

## IV. DISCUSSION

The government moves to dismiss this action upon two grounds: First, the government moves to dismiss plaintiff's breach of contract claim for lack of jurisdiction because there is no privity of contract between plaintiff and the government. *See* Def. Mot. at 4. Second, the government moves to dismiss plaintiff's takings claim for failure to state a claim because plaintiff points to no government action that could constitute a takings under the Fifth Amendment.[3] *Id.* at 5. For the reasons set forth below, the Court grants the government's motion to dismiss.

### A. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Breach Of Contract Claim

The Court must dismiss plaintiff's breach of contract claim for lack of subject-matter jurisdiction, because plaintiff has not established that he has either an express or an implied-in-fact contract with the United States. *See* RCFC 12(b)(1); *United States v. Mitchell*, 463 U.S.

---

1151-52 (citing *Rose Acre Farms, Inc. v. United States*, 373 F.3d 1177, 1196–98 (Fed. Cir. 2004)); *see also Maritrans, Inc. v. United States*, 342 F.3d 1344, 1353–55 (Fed. Cir. 2003).

[3] The government has moved to dismiss plaintiff's takings claim pursuant to RCFC 12(b)(1), upon the ground that plaintiff has failed to identify any government action that constitutes a takings in the complaint. Def. Mot. at 5. Because the substance of the government's argument appears to be that plaintiff fails to state a plausible takings claim, the Court construes the government's motion to be a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to RCFC 12 (b)(6). *See* RCFC 12(b)(6).

9

206, 216-17 (1983). To establish an express or implied-in-fact contract with the government, plaintiff must allege facts which demonstrate "a mutual intent to contract including offer, acceptance, and consideration; and authority on the part of the government representative who entered or ratified the agreement to bind the United States in contract." *Total Med. Mgmt., Inc.*, 104 F.3d at 1319. An offer is defined as "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003) (quoting Restatement (Second) of Contracts § 24); *Franklin Sav. Corp. v. United States*, 56 Fed. Cl. 720, 742-43 (2003). After an offer is made, "there must be an acceptance, [*i.e.*], a 'manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer.'" *Anderson*, 344 F.3d at 1355 (quoting Restatement (Second) of Contracts § 50(1)).

In this case, plaintiff does not allege facts to establish that he has entered into either an express or implied-in-fact contract with the government. Plaintiff alleges that, by granting him citizenship, the government entered into an implied contract by virtue of the United States Constitution. Pl. Resp. II at 5. Plaintiff further alleges that he and the government shared a mutual intent to enter into such a contract, as evidenced by: (1) the government's offer of "voluntary general assignments" in the Constitution; (2) plaintiff's acceptance by "grant[ing] usage of his property. . . evidenced in exhibits 'C' (social security card) and 'D' (certificate of citizenship)"; and, (3) consideration provided in "the promises made in exhibit B (U.S. Constitution)" and by allowing defendant to use "[p]laintiff's property to generate public revenues, public charges and public debts." Pl. Resp. II at 5-6.

Plaintiff fails, however, to identify any language in the Constitution, or any action on the part of the government, to show that the government manifested a willingness enter into a contract with plaintiff to pay for the use of his name and likeness. *See generally* Compl. In this regard, plaintiff's social security card and certificate of citizenship, which he cites in the complaint, are forms of identification. These documents do not establish a contractual relationship between plaintiff and the government. *See Miles v. United States*, 14-416C-14-420C, 2014 WL 5020574 (Fed. Cl. Oct. 6, 2014) (dismissing for lack of jurisdiction a suit alleging breach of contract and federal government infringement on plaintiff's copyrighted name); *see also Rivera v. United States*, 105 Fed. Cl. 644, 649-50 (2012) (finding that neither a birth certificate nor a social security number evidence a contract on which a party can sue the

United States); *Gravatt v. United States*, 100 Fed. Cl. 279, 286 (2011) (rejecting contract claims founded on the issuance of a birth certificate or social security number as frivolous and outside the Court's jurisdiction).

In addition, plaintiff has not shown that a government official with contracting authority entered into the contract alleged in this case. *See generally* Compl. Rather, plaintiff merely states a "legal conclusion couched as a factual allegation," by alleging the existence of a contract with the government. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2004) (citations omitted). And so, plaintiff simply has not met his burden to establish that he has entered into an express or implied-in-fact contract with the United States. *See Crewzers*, 741 F.3d at 1382.

Because plaintiff has not met his burden to show the existence of a valid contract with the United States, he fails to establish that the Court has jurisdiction to consider his breach of contract claim. And so, the Court must dismiss his claim. RCFC 12(b)(1).

### B. Plaintiff Fails To State A Plausible Takings Claim

To the extent that plaintiff alleges a takings claim, he also fails to state a plausible takings claim in his complaint. RCFC 12(b)(6). To successfully allege a Fifth Amendment takings, plaintiff must, among other things, point to either a government action that directly appropriated or imposed a regulatory burden on plaintiff, or to a physical occupation or invasion of his property. *A & D Auto Sales, Inc.*, 748 F.3d at 1151. In assessing whether a regulatory takings has occurred, courts generally employ the balancing test set forth in *Penn Central*, weighing the character of the government action, the economic impact of that action and the reasonableness of the property owner's investment-backed expectations. *Penn Central Transp. Co.*, 438 U.S. at 124-25.

In the complaint, plaintiff fails to allege any action on the part of the United States that could constitute the alleged taking of his property. *See generally* Compl.; Pl. Resp. Plaintiff alleges that the government has taken his name, trade names, likeness, and fingerprints for public use without just compensation. Compl. at 2, 4-5; Pl. Resp. II at 4, 7. He further alleges that the government's use of his name and likeness on official government documents, such as plaintiff's social security card and certificate of citizenship, constitutes a takings. Pl. Resp. II at 4; Compl. at Ex. C, D, E.

11

But, the use of plaintiff's name and likeness on his social security card and citizenship certificate imposes no burden upon plaintiff. For this reason, such a use of plaintiff's name and likeness cannot be the basis of his takings claim here. *See, e.g., Troxelle v. United States*, No. 10-312C, 2010 WL 3982349, at *4 (Fed. Cl. Oct. 6, 2010) (holding that an alleged security interest founded on the issuance of a social security number does not create a cognizable property interest and cannot be the basis of a takings claim); *see also A & D Auto Sales, Inc.*, 748 F.3d at 1151. In addition, plaintiff has not alleged any facts in the complaint regarding an action on the part of the government that could plausibly constitute a takings in this case. Given the absence of any factual allegations in the complaint regarding a government action that could constitute a taking of plaintiff's property, the Court must dismiss plaintiff's takings claim. RCFC 12(b)(6).

### C. Plaintiff's Requests For Other Relief Are Moot

Plaintiff has also filed several motions seeking various relief in this matter. On June 4, 2015, plaintiff filed a motion for preliminary injunction against the United States. *See generally* Pl. Mot. for Prelim. Inj. On July 1, 2015, plaintiff also filed a motion for an expedited ruling on his motion for preliminary injunction. *See generally* Pl. Mot. to Expedite Ruling on Prelim. Inj. On July 30, 2015, plaintiff moved for entry of a default judgment against the United States. *See generally* Pl. Mot. Def. Judg.; RCFC 55(a). On August 13, 2015 and August 20, 2015, respectively, plaintiff filed motions for miscellaneous relief. *See generally* Motion for Court to Take Judicial Notice of Adjudicative Facts; Corrected Motion for Court to Take Judicial Notice of Adjudicative Facts. On August 24, 2015 plaintiff filed a motion for a more definite statement. *See generally* Pl. Mot. for a More Definite Statement. Lastly, on August 26, 2015, plaintiff filed a motion to strike plaintiff's response to defendant's motion to dismiss. *See generally* Pl. Mot. to Strike Resp. to Mot. to Dismiss.

Because the Court has determined that it does not possess jurisdiction to consider plaintiff's claim, the Court also dismisses plaintiff's motions as moot. *See, e.g., Wojtczak v. United States*, No. 12-449C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because . . . plaintiff still has not raised allegations over which this court has jurisdiction, the court denies these motions as moot.").

12

## V. CONCLUSION

In sum, a plain reading of the complaint makes clear that plaintiff has not established the existence of an express or implied-in-fact contract with the government. Plaintiff must have privity of contract with the United States to pursue his breach of contract claim under the Tucker Act. *Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1265 (Fed. Cir. 2005) (The "government consents to be sued only by those with whom it has privity of contract.") (citations omitted). Plaintiff has not established privity of contract here. And so, the Court must dismiss plaintiff's breach of contract claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

To the extent that plaintiff asserts a takings claim, dismissal of this claim is also warranted, because plaintiff fails to identify any government action that could constitute the alleged takings in the complaint. RCFC 12(b)(6).

Because the Court has determined that the complaint must be dismissed, the Court dismisses plaintiff's motions for preliminary injunction; for an expedited ruling on his motion for a preliminary injunction; for entry of a default judgment; for a more definite statement; to strike plaintiff's response to defendant's motion to dismiss; and for miscellaneous relief as moot.

For the foregoing reasons, the Court:

(1) **GRANTS** defendant's motion to dismiss;
(2) **DENIES** as moot plaintiff's motion for preliminary injunction;
(3) **DENIES** as moot plaintiff's motion to expedite ruling on the motion for preliminary injunction;
(4) **DENIES** as moot plaintiff's motion for default judgment;
(5) **DENIES** as moot plaintiff's motion for miscellaneous relief;
(6) **DENIES** as moot plaintiff's motion for a more definite statement; and

(7) **DENIES** as moot plaintiff's motion to strike plaintiff's response to defendant's motion to dismiss.

The Clerk's Office is directed to **ENTER** judgment **DISMISSING** the complaint.

Each party to bear their own costs.

**IT IS SO ORDERED.**

*/s/ Lydia Kay Griggsby*
LYDIA KAY GRIGGSBY
Judge